FRED SELF v. THE STATE.

No. 4169.    Decided October 11, 1916.

**Seduction—Sufficiency of the Evidence—Accomplice—Charge of Court.**

Where, upon trial of seduction, the evidence was sufficient to support the conviction, under a proper charge of the court, including that on accomplice testimony, there was no reversible error.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of seduction; penalty, five years imprisonment in the penitentiary.

The charge of the court on accomplice testimony was as follows: A conviction can not be had upon the evidence of an accomplice alone, unless such an accomplice is corroborated by other evidence. You are charged that the witness, Ada Hartless, is an accomplice in this case,

and a conviction can not be had in this case upon her evidence alone; so, therefore, if you believe the evidence of said Ada Hartless is true and that her evidence establishes the guilt of the defendant, and further that the said Ada Hartless has been corroborated by other evidence tending to connect the defendant with the offense charged, then, if you so believe her evidence to be true, and that the same shows beyond a reasonable doubt that the defendant was guilty of the offense charged, and that her evidence has been corroborated by other evidence, tending to connect the defendant with the commission of the offense charged, you will, if you so find beyond a reasonable doubt, convict the defendant, but the corroboration is not sufficient, if it merely shows that an offense has been committed.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of seduction, his punishment being assessed at five years confinement in the penitentiary.

We are of opinion, without stating the evidence, that under the decisions the evidence justified the action of the jury and the trial court in his rulings in regard to the sufficiency of the facts. The court gave a charge in the usual stereotyped form with reference to accomplice testimony. There are quite a lot of cases which sustain the court's charge as being correct and have been heretofore discussed. The writer has not always agreed with the majority opinion. but under those cases this charge is not error.

The judgment will, therefore, be affirmed

*Affirmed.*